IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA TOW TRUCK ASSOCIATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY & COUNTY OF SAN FRANCISCO,<br><br>　　　　Defendant.　　　　　　　　　／ | No. C 10-03184 CRB<br><br>**ORDER GRANTING CTTA'S MOTION FOR SUMMARY JUDGMENT IN PART** |

　　　　This case is before the Court on limited remand from the Ninth Circuit following the Court's partial grant of summary judgment for the City and County of San Francisco (the "City"). See USCA Order and Amended Opinion (dkt. 59); Mandate (dkt. 60). This Court's prior Order sets forth the factual and procedural background of this case; the only issue here is the Ninth Circuit's remand order stating that Section 3052(4)'s "business plan requirement" is preempted by federal law. See id.; Summary Judgment Order (dkt. 51).

　　　　The Ninth Circuit concluded that "[a]ny connection between the business plan requirement and the ascertainment of safe practices or capacities is ephemeral," the "plan requirement is intended to further consumer protection," and "unlike the other challenged provision, the business plan requirement is just not genuinely responsive to safety concerns . . . ." See USCA Order at 37. The Ninth Circuit thus held that "the business plan requirement is preempted by the FAAAA, but that the requirement is severable from the valid complaint requirement contained in section 3052(4), and from the Permit Scheme more

generally." Id. at 38. Accordingly, the Ninth Circuit reversed the Court's "grant of summary judgment to the City as to section 3052(4)'s business plan requirement, and remand[ed] to the district court for further proceedings consistent with [its] opinion." Id. at 39–40.

Given the Ninth Circuit's holding, the Court GRANTS the California Tow Truck Association's Motion as to the section 3052(4) "business plan requirement," SEVERS that portion of section 3052(4), and ENJOINS its enforcement. Because severing that portion of section 3052(4) "does not so disable the Permit System as to impede its continued enforcement, the rest of the Permit System remains undisturbed." See USCA Order at 39–40; Summary Judgment Order at 33.

**IT IS SO ORDERED.**

Dated: March 1, 2016

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE